UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BELL, THOMAS, LLC,<br>THOMAS PHILLIP BELL,<br><br>        Plaintiffs,<br><br>v.<br><br>INDIANA SHERIFF'S OFFICE,<br>INTAKE CLASSIFICATION SHERIFF,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 1:21-cv-001138-JPH-MG<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

*Pro se* Plaintiff Thomas Phillip Bell[1] filed this action on May 6, 2021. He has since filed three amended complaints and two "motions for new evidence."[2] This Order addresses Mr. Bell's Motion to Proceed *In Forma Pauperis* and his pending motions, and dismisses his Complaint for lack of subject-matter jurisdiction.

**I.    Motion to Proceed *In Forma Pauperis***

Mr. Bell's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. *See* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Bell to proceed without prepaying the filing fee, he remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. Jan. 15,

---

[1] Mr. Bell lists both himself and "Bell, Thomas, LLC" as Plaintiffs. Unless he is a licensed attorney, Mr. Bell cannot represent a corporation in federal court. *See Operating Engineers Loc. 139 Health Benefit Fund v. Rawson Plumbing, Inc.*, 130 F. Supp. 2d 1022, 1023 (E.D. Wis. 2001) (Observing "[i]t has been the law for the better part of two centuries that a corporation may appear in the federal courts only through licensed counsel.)

[2] Mr. Bell is no stranger to this Court. After he filed this case, he was restricted from filing new cases in this Court due to his frivolous filing practices here and elsewhere. *See In re Thomas Phillip Bell*, No. 1:21-mc-00034-TWP-DLP (S.D. Ind. May 25, 2021).

2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

## II.     Pending Motions

Mr. Bell has filed two documents entitled "Motion for New Evidence." Dkts. [6] and [8]. Attached to these documents are what appear to be papers relating to Mr. Bell's recent arrest in Marion County, Indiana for failure to register as a sex offender. Handwritten notations on the papers state that Mr. Bell's constitutional rights were violated because he was booked under an incorrect middle name and his race was incorrectly recorded, and he wants those errors to be corrected. This Court has no authority to order state law enforcement agencies to correct their records. Therefore, Mr. Bell's motions are **denied**.

## III.    Subject-matter jurisdiction

The Court will address Mr. Bell's Third Amended Complaint (the "Complaint"), dkt. 9, because it supersedes his prior complaints and is now the operative complaint. *See Riley v. Elkhart Cmty. Schs.*, 829 F.3d 886, 890 (7th Cir. 2016).

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). To hear and rule on the merits of a case, a federal "court must have the power to decide the claim before it (subject-matter jurisdiction)." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017). "The party asserting federal jurisdiction bears the burden of

demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013). And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction sua sponte.").

The Court does not appear to have jurisdiction over this case. The Supreme Court has explained the two general ways to establish subject-matter jurisdiction: The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim arising under the Constitution or laws of the United States. He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Mr. Bell's Complaint indicates the basis for jurisdiction in this case is diversity of citizenship. He appears to allege that his automobile was damaged when it was impounded after his arrest. He seeks $10,000 in damages. The complaint states that both Mr. Bell and Defendants are citizens of Indiana. Dkt. 9 at 2-3. Diversity jurisdiction requires that "no plaintiff may be from the same state as any defendant." *Hart v. FedEx Ground Package Sys. Inc.*, 457

F.3d 675, 676 (7th Cir. 2006). Further, Mr. Bell's claim for $10,000 does not meet the required jurisdictional amount.

## IV. Conclusion

Because Mr. Bell has not demonstrated subject-matter jurisdiction, his complaint must be dismissed. He shall have through **July 12, 2021**, to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. If he fails to respond by this date, the Court will dismiss this case without prejudice. Mr. Bell's motions for new evidence, dkts. [6] and [8], are **denied**.

**SO ORDERED.**

Date: 6/14/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution by U.S. Mail:

Thomas Phillip Bell
General Delivery
Indianapolis, IN 46206

4